UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-62231-CIV-DAMIAN/VALLE

**BOBBY MELLARD**,

    Petitioner,

v.

**RICKY D. DIXON, Secretary,**
**Florida Department of Corrections**,

    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation to the District Judge ("Report") [ECF No. 41], entered on August 5, 2025, upon Petitioner, Bobby Mellard's ("Petitioner"), Petition for Writ of Habeas Corpus [ECF No. 1 ("Petition")].

THE COURT has considered the Report, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

On November 22, 2023, Petitioner filed the Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The undersigned referred the matter to Magistrate Judge Alicia O. Valle pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules for the Southern District of Florida for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. *See* ECF No. 32.

Upon reviewing the Petition, Judge Valle issued the Report on August 5, 2025, in which she recommends: (1) the Petition be denied without an evidentiary hearing; and (2) the Court deny a certificate of appealability. *See* Report at 18. In the Report, Judge Valle

found each of the six grounds[1] of alleged ineffective assistance of counsel raised in the Petition were without merit.[2] *See id.* 7–17. The Report also advised the Petitioner, who is represented by counsel, that he had fourteen days from receipt of a copy of the Report to file written objections. *See id.* at 18. To date, no objections have been filed and the time to do so has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has carefully reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. As Judge Valle

---

[1] Petitioner withdrew Ground Two. *See* ECF No. 40 at 1.

[2] In addition, Judge Valle found the Petition should be denied because many of the arguments in the Petition, including Ground One, Ground Four, Ground Five, Ground Six, and Ground Seven, were not properly raised in state court and are therefore unexhausted. *See* Report at 8.

explains in the Petition, Petitioner was tried in the State Court on a charge of first-degree murder for the shooting death of a victim in Lauderhill, Florida, in 2008. The trial court instructed the jury on the lesser included offense of manslaughter. The jury, in turn, convicted Petitioner of manslaughter and not first-degree murder. In reaching its verdict, the jury responded to several interrogatories, in which they indicated that they found that Petitioner had possessed the murder weapon but that he did not discharge it. The trial court rejected Petitioner's post-trial arguments that he should be acquitted based on the interrogatory response and sentenced Petitioner to 30 years in prison. Petitioner appealed to the Fourth District Court of Appeal, which affirmed the conviction and sentence.

In the Petition, Petitioner asserts seven grounds for habeas relief based on ineffective assistance of counsel. He later withdrew one of the asserted grounds. Magistrate Judge Valle addressed each of the remaining six grounds for relief. Initially, the Magistrate Judge points out that Petitioner did not exhaust all available state court remedies as to five of the grounds upon which he seeks relief and he did not show cause why he should be excused from the exhaustion requirement as to those grounds for relief. The Magistrate Judge then engaged in a thorough, reasoned analysis of each of the asserted grounds for relief, despite the failure to exhaust.

Based on a careful review of the Report and the record in this case, the undersigned agrees with Judge Valle's well-reasoned findings and thorough analyses and conclusions. As such, the undersigned agrees that Petitioner has failed to demonstrate that he is entitled to relief as to any of the grounds asserted in the Petition, and the undersigned agrees that the Petition may be denied without an evidentiary hearing and that Petitioner is not entitled to a certificate of appealability.

3

Accordingly, for the reasons set forth herein and in the Report, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Judge Valle's Report and Recommendation **[ECF No. 41]** is **AFFIRMED AND ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 **[ECF No. 1]** is **DENIED**.

3. A certificate of appealability is **DENIED**.

4. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 27th day of August, 2025.

                                  **MELISSA DAMIAN**
                                  **UNITED STATES DISTRICT JUDGE**

cc:    Magistrate Judge Alicia O. Valle
        Counsel of record